THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



WAGGONER CARR
ATTORNEY GENERAL

August 22, 1966

Overruled by /?2-/?2/
where conflict

Hon. William Hunter
District Attorney
69th Judicial District
Dalhart, Texas

Opinion No. C-743

Re: Whether the County Com-
missioners Court of a
county with population
under 10,000 people can
or must pay (1) mileage
expenses for a Constable
using his personal car
for official business in
and outside of the county;
(2) pay maintenance ex-
penses in connection with
the maintenance, use and
operation of a radio by
the Constable in his
personal car.

Dear Mr. Hunter:

By recent letter you have requested an opinion in regard to the above stated questions. We quote from your letter as follows:

"Article 6889-D of the Vernon's Civil Statutes of Texas seems to authorize the Commissioners Court to pay certain expenses for the Constable which would seem to include the payment of mileage for the use of the personal car of the Constable on business. There is nothing in that statute referring to the payment of expenses incident to the upkeep of a radio in such car. This statute seems to permit but not require the Commissioners Court to pay such expense."

Article 6889d, Vernon's Civil Statutes, was orig-inally enacted in 1953 and amended in 1961 and is quoted, in part, as follows:

"Section 1. The County Commissioners Courts of this State are hereby authorized

-3583-

> to supply or pay for transportation of
> constables and deputy constables of the
> respective counties and justice precincts
> to and from points within this State, under
> one of the four following subsections:
>
> "(a)  Constables and deputy constables
> may be furnished adequate motor transportation
> including all expenses incidental to the up-
> keep and operation.
>
> "(b)  Motor vehicles may be furnished to
> constables and deputy constables who may fur-
> nish gas and oil, wash and grease. . .for
> which gas and oil, wash and grease constables
> and deputy constables may be compensated. . .
> not to exceed six cents (6¢) per mile. . . .
>
> "(c)  County Commissioners Court may
> allow constables and deputy constables. . .to
> use and operate cars on official business
> personally owned by them for which such officers
> may be paid not less than eight cents (8¢) per
> mile nor more than fifteen cents (15¢) for each
> mile traveled in the performance of official
> duties of their office."  (Emphasis added)

In Attorney General's Opinion No. V-1287 (1951), this office ruled, in effect, that in counties of 20,000 or more population the Commissioners Courts were authorized, but not required to furnish or pay for transportation, and traveling expense incidental to such transportation, of constables or deputy constables on official business any- where in the State.

Opinion V-1287 is an interpretation of Article 6889c, Vernon's Civil Statutes.  This Article was expressly repealed by Article 6889d, Vernon's Civil Statutes, in the 1961 amendment.  The language of the two articles is identical, except for the population limitation /Art. 6889c/ and the amount of expense payments authorized.

The language used in Article 6889d is permissive and not directory, and it is our opinion that the statute au- thorizes but does not require the Commissioners Courts in all counties of this State to furnish adequate transportation or

Hon. William Hunter, page 3 (C-743)

pay constables or deputy constables mileage expense and other incidental expenses incurred in using personally owned vehicles.

Question number two asks whether the County Commissioners Court must or can pay maintenance costs of the operation of a radio in a constable's personally owned car. We are assuming that you mean a two-way radio commonly used by law enforcement officials.

In Attorney General's Opinion No. 0-6649 (1945) this office ruled that there was no provision in the Constitution or statutes of this State conferring upon the Commissioners Courts the power to purchase radio equipment with county funds for use in a constable's privately owned car.

In 1955 the Legislature enacted Article 6889e, Vernon's Civil Statutes, which authorizes Commissioners Courts to install and maintain two-way radios in constables' or deputy constables' cars whether personally owned or not, but the Act is restricted to counties of 600,000 or more population.

There is no present express statutory provision allowing counties of less than 10,000 population to provide for purchase or maintenance of two-way radios in constables' or deputy constables' cars.

It is our opinion that Article 6889d, Vernon's Civil Statutes, does not confer upon Commissioners Courts of counties of this State the authority to purchase or maintain two-way radios in constables' or deputy constables' cars.

S U M M A R Y

Under the provisions of Article 6889d, Vernon's Civil Statutes, the Commissioners Court of a county with population under 10,000 may pay, but is not required to pay, the mileage expenses for a constable using his personal car for official business in and outside of a county.

There is no statutory authority for

Commissioners Courts of a county with population under 10,000 to purchase or maintain a two-way radio in a constable's personal car.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: James C. McCoy
James C. McCoy
Assistant Attorney General

JCMcC:sck

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman

John Reeves
Malcolm Quick
Ralph Rash
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright

-3586-